## DOWHAN v. DOWHAN.

1. DIVORCE—RES JUDICATA—PENDING APPEAL IN PREVIOUS SUIT.
   Instant suit for divorce, based on new and different facts which arose subsequent to previous suit for divorce in a different county, was not barred by the principle of *res judicata* or estoppel by judgment nor by an appeal pending in the first suit.

2. JUDGMENT—RES JUDICATA—IDENTITY OF CAUSE OF ACTION.
   The doctrine of *res judicata* is to be applied only when the cause of action is the same.

3. SAME—RES JUDICATA—MATTERS ACTUALLY LITIGATED AND DETERMINED.
   The doctrine of estoppel by judgment is applied only as to such matters within the scope of the pleadings in the previous

Conclusiveness of valid, final, personal judgment rendered on the merits in favor of the defendant, see Restatement, Judgments, § 48.

Conclusiveness of judgment in subsequent action between same parties upon issues actually litigated in the original action, see Restatement, Judgments, § 48, comment c.

Conclusiveness of judgment rendered for defendant on ground of nonexistence of some fact essential to plaintiff's cause of action after such fact has subsequently come into existence, see Restatement, Judgments, § 54.

litigation as necessarily had to be adjudicated in order for the previous judgment or decree to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined.

4. DIVORCE—DOMICILE—QUESTIONS REVIEWABLE.

Question of jurisdiction of the circuit court to determine a second suit for divorce between parties who had previously participated in a suit for divorce in a different county is not discussed where matter of domicile is not included in appellant's statement of questions involved, except to observe that plaintiff made a prima facie showing.

5. SAME—COSTS.

No costs are allowed in suit for divorce where decree for husband is affirmed.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 8, 1942. (Docket No. 54, Calendar No. 41,744.) Decided November 24, 1942.

Bill by William Dowhan against Katherine Dowhan for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Affirmed.

*John Panchuk,* for plaintiff.

*John C. Ray,* for defendant.

BUSHNELL, J. Plaintiff William Dowhan originally filed a bill against his wife, defendant Katherine Dowhan, in Wayne county, seeking a divorce on the ground of extreme cruelty. A decree was entered on June 27, 1939, dismissing this bill, and plaintiff appealed to this court. On December 14th of the same year, while his appeal was still pending, he filed another bill for divorce in Oakland county, again on the grounds of extreme cruelty but basing his complaint on acts that occurred subsequent to the original hearing. Defendant moved to dismiss

this second suit because another suit was pending between the same parties for the same cause. The court denied this motion and defendant then filed her answer. When the cause came on to be heard, defendant did not appear, plaintiff submitted his proofs, and a decree of divorce from the bonds of matrimony was entered. After denial of defendant's motion to set aside this decree, she filed her claim of appeal.

In the "statement of questions involved" the sole question raised is whether a second suit for divorce based on new and different facts could be instituted in Oakland county while plaintiff's appeal was pending from the dismissal of his bill of complaint in Wayne county.

It may be added, although not shown in appellant's statement of fact, that, prior to the hearing in Oakland county but after defendant's answer, plaintiff filed a motion in this court to dismiss his appeal from Wayne county. This motion was considered and granted after the entry of the decree in Oakland county.

The instant suit in Oakland county, based on new and different facts which arose subsequent to the original suit in Wayne county, is not barred by the principle of *res judicata* or estoppel by judgment; nor is the second action barred by an appeal pending in the first action.

This question was considered by the supreme court of Georgia in *Slaughter* v. *Slaughter,* 190 Ga. 229 (9 S. E. [2d] 70, 129 A. L. R. 156). Other authorities on the same subject are annotated in 26 L. R. A. (N. S.) beginning at page 577. In the *Slaughter Case:*

"The previous suit between these parties, based on acts of cruel treatment alleged to have occurred before June, 1935, was terminated by judgment

dated March 2, 1938. The present suit was filed on October 17, 1939, on the ground of cruel treatment based on acts alleged to have occurred since the termination of the former suit.''

The court said:

''These later acts could not have been alleged in the former suit and could not have been passed on by the court in that case.   *   *   *

''If the second suit cannot be maintained, it is only because of the principle of *res judicata* or of estoppel by judgment.   *   *   *   The doctrine of *res judicata* is to be applied only when the cause of action is the same.   *   *   *   The doctrine of estoppel by judgment is applied only as to such matters within the scope of the pleadings in the previous litigation as necessarily had to be adjudicated in order for the previous judgment or decree to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined.''

The Georgia court cited and discussed the following authorities: *Torlotting* v. *Torlotting,* 97 Mo. App. 183 (70 S. W. 941); *Wagner* v. *Wagner,* 104 Cal. 293 (37 Pac. 935); *Haley* v. *Haley,* 2 Cal. Unrep. 761 (14 Pac. 92); *Cordier* v. *Cordier,* 26 How. Prac. (N. Y.) 187. See, also, *Paynton* v. *Paynton,* 194 Mich. 504, where the court said:

''The decree of the Illinois court seems to have been a final decree establishing the fact that defendant was not an habitual drunkard when it was rendered in 1911; but that, of course, would have no tendency to show that she had not become one when this suit was begun in 1915.''

We do not discuss the question of jurisdiction of the circuit court of Oakland county with respect to

plaintiff's domicile because that matter is not included in appellant's statement of questions involved, except to say that plaintiff made a prima facie showing.

The decree of the circuit court of Oakland county is affirmed, but without costs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.