STEMEN v COFFMAN

Docket No. 78-4557. Submitted June 15, 1979, at Grand Rapids.—
Decided August 27, 1979.

Charles Stemen and Fred Mattix were residents of a multiple
dwelling unit owned by David and Charlotte Coffman. The
building burned, and Stemen was injured and both Stemen and
Mattix lost their personal possessions. They brought an action
against the Coffmans and against the City of Grand Rapids and
those city employees who had inspected the building and issued
a certificate of compliance, as well as the city's fire chief and
fire inspector, alleging breach of duty and negligence. The
Attorney General, on behalf of the Department of Social Ser-
vices, intervened as a plaintiff. The Kent Circuit Court, Stuart
Hoffius, J., entered summary judgment in favor of the city and
its individual employees on the basis of governmental immu-
nity from tort liability. Pursuant to a settlement, the Attorney
General and the Coffmans were dismissed from the action.
Plaintiffs appeal the summary judgment, alleging that the
building constituted a nuisance and that the city's failure to
require the Coffmans to abate the nuisance imposed liability
under the nuisance exception to the governmental immunity
statute. Plaintiffs also allege that the individual defendants
performed duties which were ministerial in nature and that
they may therefore be held liable. *Held:*

1. Liability for damages caused by a nuisance depends upon
the defendant's control of the alleged nuisance. The city's
relationship to the property here is not such that liability may
be imposed for the damages.

2. The acts of the individual city employees in determining
whether the building complied with the building code and
whether a certificate of compliance should be issued were

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, Nuisance § 49.
[2, 3] 57 Am Jur 2d, Municipal Tort Liability §§ 85, 293.
Nature and status of rule as to municipal immunity from liability
for torts. 60 ALR2d 1198.

discretionary, not ministerial, and the individuals are entitled to the protection of the governmental immunity statute.

Affirmed.

1. NUISANCE — LIABILITY — CONTROL.

Liability for damages caused by a nuisance turns upon whether the defendant is in control of the alleged nuisance, either through ownership or otherwise.

2. MUNICIPAL CORPORATIONS — GOVERNMENTAL IMMUNITY — NUISANCES — STATUTES.

A city which conducts housing inspections may not be held liable under the nuisance exception to the governmental immunity statute for damages suffered in a fire by the tenants of a multiple dwelling unit which the tenants allege to have been a nuisance because of a lack of adequate fire protection measures and devices and which had been inspected and for which a certificate of compliance was issued by the city (MCL 691.1407; MSA 3.996[107]).

3. MUNICIPAL CORPORATIONS — GOVERNMENTAL IMMUNITY — HOUSING INSPECTORS — DISCRETIONARY ACTS — STATUTES.

A city housing inspector may not be held personally liable for damages suffered by the tenants of a dwelling unit which burned where the acts of the inspector, in determining whether the conditions encountered in his inspection complied with the applicable building code provisions and whether a certificate of compliance should be issued, were discretionary, thus entitling the inspector to claim the benefits of the governmental immunity statute (MCL 691.1407; MSA 3.996[107]).

*Mohney, Goodrich & Titta, P.C.* (by *Robert D. VanderLaan* and *Bruce W. Neckers),* for plaintiffs.

*Philip A. Balkema,* City Attorney, and *Robert M. Cary,* Assistant City Attorney, for the City of Grand Rapids and its individual employee defendants.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiffs were residents of a multiple dwelling unit owned by defendants Coffman and located in the City of Grand Rapids. The building had been inspected in 1975 by defendant Shirilla, a city housing inspector, and had received a certificate of compliance signed by defendant Panzone, Shirilla's supervisor. On January 23, 1977, plaintiff Stemen received severe burns on one arm and one leg when fire gutted the structure, and both plaintiffs lost all their personal possessions.

Plaintiffs subsequently brought suit against the previously named individuals, the City of Grand Rapids, and defendants Veit and Thiel, the city's fire chief and fire inspector, alleging in several counts of their complaint that breaches of duty and negligence on the part of the city and its employees had caused the injuries and losses which plaintiffs suffered in the fire. The Kent County Circuit Court entered summary judgment in favor of the city and its individual employees on the basis of governmental immunity from tort liability. Plaintiffs appeal as of right.

Plaintiffs rely upon the "nuisance exception" to the legislative grant of immunity to a government agency engaged in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). They appear to concede that the city's program of housing inspections constitutes a governmental function. However, they argue that the failure of the city and its employees to require the Coffmans to abate the nuisance consisting of a multiple dwelling unit without adequate fire protection measures and devices allows liability to be imposed upon the city under the judicially created "nuisance exception", recently discussed from a variety of perspectives in *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v*

*Department of State Highways,* 403 Mich 149; 268 NW2d 525 (1978).

We disagree. "Liability for damage caused by a nuisance turns upon whether the defendant was in control, either through ownership or otherwise." 58 Am Jur 2d, Nuisances, § 49, p 616. We have found no authority imposing liability for damage caused by a nuisance where the defendant has not either created the nuisance, owned or controlled the property from which the nuisance arose, or employed another to do work which he knows is likely to create a nuisance. The city's relationship with the property alleged to constitute a nuisance in this case falls under none of these headings; indeed, it is far more attenuated. To hold the city liable under the "nuisance exception" in this case would stretch the concept of liability for nuisance beyond all recognition.

Plaintiffs also contend that the city's individual employees may be held liable for plaintiffs' damages because the duties they peformed in relation to the building which caught fire were ministerial rather than discretionary. Plaintiffs note that in *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978), the act of a building inspector in deciding whether applicants are entitled to a building permit was held to be ministerial. But, it appears that the inspectors involved in the present case enjoyed a greater degree of discretion and independent judgment in determining whether the conditions they encountered in the field complied with the applicable code provisions and whether a certificate of compliance should be issued. The inspectors' acts were discretionary, and the individual city employees are, therefore, entitled to claim the benefits of governmental immunity. *Walkowski v Macomb County Sheriff,* 64 Mich App 460; 236 NW2d 516 (1975).

Since the city was engaged in the exercise or discharge of a governmental function under circumstances which do not bring any of the exceptions to the doctrine of governmental immunity into play and the acts of the city's employees give rise to no liability because they were discretionary, any attempt to base the city's liability upon *respondeat superior* must be rejected.

Affirmed. No costs, a public question.