McSWAIN v REDFORD TOWNSHIP

Docket No. 100932. Submitted October 12, 1988, at Detroit. Decided December 6, 1988.

Marc and Mary McSwain owned and, along with their children Melanie and Dawn, occupied a home located in the Fenton-Midland Subdivision of Redford Township. All of the homes in the subdivision were served by private septic systems as no public sanitary sewer system was in service. Several of the private systems began failing and the McSwain home sustained damage when sewage leaked and collected on the their property. Marc McSwain and Mary McSwain, individually and as next friend of her children, brought an action in Wayne Circuit Court against Redford Township and others. Against the township (hereafter defendant), plaintiffs requested the issuance of a writ of mandamus compelling defendant to install a public sanitary sewer for the subdivision and sought monetary damages for defendant's failure to abate the nuisance created by the failing private sewer systems. The trial court, Joseph B. Sullivan, J., ordered defendant to clean up the leakage and construct a public sewer system for the subdivision. Defendant subsequently filed a motion for summary disposition of plaintiffs' nuisance claim and the court, Henry J. Szymanski, J., granted the motion, ruling that the claim was not within the nuisance exception to governmental immunity. Plaintiffs appealed.

The Court of Appeals *held:*

1. Liability for damage caused by a nuisance turns upon whether the defendant was in control of the alleged nuisance, either through ownership or otherwise. In this case, the nuisance was created by the residents themselves and arose on property which defendant neither owned nor controlled. Additionally, at the time of the alleged nuisance defendant was not under an affirmative duty imposed by statute or court order to

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 168-170, 175, 338 *et seq.*

See the Index to Annotations under Governmental Immunity or Privilege; Nuisances; Sewers and Sewage.

install a public sewer system. Thus, the trial court properly ruled that defendant could not be held liable under the nuisance exception to governmental immunity.

2. Determinations made by Judge Sullivan prior to ordering defendant to construct a public sewer system are not conclusive, under either res judicata or collateral estoppel, as to the nuisance issues decided by Judge Szymanski, since it cannot be said that the nuisance issues were raised and decided in the proceedings before Judge Sullivan or that the interests of justice would be served by applying res judicata or collateral estoppel.

Affirmed.

WEAVER, P.J., concurred in the result only.

1. NUISANCE — LIABILITY — CONTROL.

Liability for damage caused by a nuisance turns upon whether the defendant is in control of the alleged nuisance either through ownership or otherwise.

2. MUNICIPAL CORPORATIONS — GOVERNMENTAL IMMUNITY — NUISANCE.

A township which is not under an affirmative duty imposed by statute or court order to construct a public sanitary sewer system for a residential subdivision may not be held liable under the nuisance exception to governmental immunity for damage to a resident's home caused by the failure of several of the private septic systems serving the homes in the subdivision.

*Patrick J. McDonald,* for plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *Janet K. Yarling*), for defendant.

Before: WEAVER, P.J., and MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the April 30, 1987, order of the Wayne Circuit Court which granted summary disposition to defendant on the basis of governmental immunity. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs are owners and occupants of a home located in the Fenton-Midland Subdivision, an area of approximately twenty-five homes in defendant township. They brought suit against defendant in January, 1983, alleging that it had issued building or occupancy permits with knowledge that the soil conditions were unsuitable for the operation of private septic systems (which, at the time, was the only means of sewage disposal available to the subdivision residents). The complaint was divided into two counts: Count one requested the court to issue a writ of mandamus, compelling defendant to install a sanitary sewer system in the area; count two sought monetary damages for defendant's alleged refusal to abate the nuisance created when numerous septic systems in the area failed, causing raw sewage to rise to the surface and collect on plaintiffs' property and surrounding lands.

Plaintiffs' mandamus action was decided by Wayne Circuit Judge Joseph B. Sullivan. Judge Sullivan found that the soil was incapable of supporting private septic systems and that there existed an imminent health hazard due to the failing systems. He therefore ordered defendant to clean up the surface sewage and to construct a sanitary sewer system as soon as possible. He also issued a permanent injunction preventing any further development in the area. This apparently qualified the township to receive federal funds for the sewer system's construction. Neither party appealed from the order or the injunction and the sewer system has since been constructed.

On March 18, 1987, defendant filed a motion for summary disposition as to plaintiff's nuisance claim, asserting governmental immunity as a defense. Arguments on the motion were heard by a

different judge, Wayne Circuit Judge Henry J. Szymanski, on April 30, 1987.

At the hearing, defendant argued, inter alia, that the decision to install, or not to install, a sanitary sewer system is, by statute, a discretionary one which is entitled to governmental immunity. Further, defendant claimed that the nuisance was a condition created and continued by the landowner, not the township; therefore, the township could not be held liable. Plaintiffs counterargued that once the septic systems failed, and the public's health was placed in jeopardy, the township had an affirmative statutory obligation to construct a sewer system. Plaintiffs also maintained that defendant had created or continued the nuisance when it issued building/occupancy permits without first ensuring that the county had approved the septic systems and that the soil would support the septic systems.

Judge Szymanski found defendant's argument persuasive and granted the township summary disposition on the basis of governmental immunity. In so doing, Judge Szymanski stated, in pertinent part:

> Much remains to be determined in this area of governmental immunity, but I am absolutely confident that *Ross* [*v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984)] was not intended to simply provide an opportunity for the innovative pleader to turn prior allegations of negligence into existing allegations of public nuisance. And I think we must look with some degree of disapproval on those efforts to convert unsatisfactory situations in the governmental area into the existence of a nuisance.
>
> * * *
>
> The septic tanks and septic systems were there in being, and were clearly the obligation of the

private landowner to maintain and maintain in a proper condition. That they failed in a consecutive order, that is, by the various private landowners, does not impose, therefore, a duty upon the government, on the governmental agency to rush to the assistance of those private landowners under any of the statutes or legislative enactments referred to by the plaintiff.

I think in failing to assign any culpability Judge Sullivan said as much. He was looking for a solution, he found a solution, but that does not mean that there was any duty on the part of the governmental unit in this case to proceed in such manner that, failing to proceed as the plaintiff would have them do, would create a public a [sic] nuisance such as is described and relied upon by the plaintiff.

I do not think there was any responsibility on the part of the Township of Redford to act in this instance. Therefore, there being no responsibility, I see no way in which a nuisance was created or maintained by the Township of Redford.

An order granting summary disposition to defendant and dismissing plaintiffs' complaint with prejudice was entered on May 7, 1987.

On appeal, we are first asked to determine the viability and scope of the nuisance per se exception and the intentional nuisance per accidens exception to governmental immunity. We have reviewed the Supreme Court's latest decisions in this area—particularly *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988), and *Smith v Dep't of Public Health,* 428 Mich 540; 410 NW2d 749 (1987), reh den 429 Mich 1207 (1987)—and find one conclusion to be inescapable. The law is not at all clear. Those decisions have been subject to conflicting interpretations by various panels of this Court. Compare *Eichhorn v Lamphere School Dist,* 166 Mich App 527, 541-544; 421 NW2d 230 (1988), lv pending (construing

*Smith, supra,* the Court held that governmental immunity bars a claim for intentional nuisance against a unit of government), with *Bronson v Oscoda Twp,* 165 Mich App 431, 435, n 4; 419 NW2d 27 (1988), remanded 430 Mich 882 (1988) (also construing *Smith, supra,* the Court held that a claim for intentional nuisance avoids the doctrine of governmental immunity). Compare also *Li v Wong (On Remand),* 170 Mich App 256; 428 NW2d 36 (1988) (construing *Hadfield, supra,* the Court held that the Supreme Court did not overrule precedent so as to recognize only a trespass-nuisance exception to governmental immunity), with *Scott v Dep't of Natural Resources,* 169 Mich App 205; 425 NW2d 518 (1988) (also construing *Hadfield, supra,* the Court held there is no longer a general intentional nuisance exception to governmental immunity; there is now only a limited trespass-nuisance exception). In the instant case, we find it unnecessary to decipher the holdings of *Hadfield, supra,* and *Smith, supra,* because, as the trial court found, defendant was also entitled to summary disposition on the ground that it had not created or maintained the nuisance and, therefore, had no responsibility to act in the manner asserted by plaintiffs.

It is well-established that a governmental unit may be liable to a private landowner when, due to improper construction of a sewer or drainage system by the governmental unit, water or sewage is cast onto the property and causes damage. A succinct statement of the law is contained in *Seaman v City of Marshall,* 116 Mich 327, 330; 74 NW 484 (1898):

> There is no doubt of the authority of the city to establish a system of drainage for the benefit of the highway and the citizens, and it cannot be said

that it must be sufficient for every possible emergency. But the city is required to use due caution, and if, through its negligence in not providing reasonably efficacious means to take care of the water that it should reasonably expect to accumulate by reason of its gutters, a person is injured by the overflow upon his premises of water collected by the sewers, and brought to such premises, and which would not otherwise have invaded them, the city is liable for the damages.

See also *Herro v Chippewa Co Rd Comm'rs,* 368 Mich 263; 118 NW2d 271 (1962); *Defer v Detroit,* 67 Mich 346; 34 NW 680 (1887); *Ashley v Port Huron,* 35 Mich 296; 24 Am Rep 552 (1877); *Pennoyer v City of Saginaw,* 8 Mich 534, 535 (1860). In the instant case, the sewage which flooded plaintiffs' property was not caused by the negligent construction of a sanitary sewer system by defendant, however. Rather, defendant's liability, if any, is premised on its issuance of building/occupancy permits or its failure to construct a sewer system upon learning that several septic systems in the Fenton-Midland Subdivision had failed, discharging sewage onto plaintiffs' property. We find those allegations are too tenuous to impose liability on defendant.

"Liability for damage caused by a nuisance turns upon whether the defendant was in control, either through ownership or otherwise." 58 Am Jur 2d, Nuisances, § 49, p 616. Generally, though, control over a nuisance must be something more than merely issuing a permit or regulating activity on the property which gives rise to the nuisance. *Attorney General v Ankersen,* 148 Mich App 524, 560; 385 NW2d 658 (1986); *Disappearing Lakes Ass'n v Dep't of Natural Resources,* 121 Mich App 61, 69; 328 NW2d 570 (1982), aff'd sub nom *Ross v Consumers Power Co (On Rehearing),* 420 Mich

567; 363 NW2d 641 (1984); *Stemen v Coffman,* 92 Mich App 595, 598; 285 NW2d 305 (1979), lv den 408 Mich 875 (1980). Like the Court in *Stemen, supra,* p 598, "[w]e have found no authority imposing liability for damage caused by a nuisance where the defendant has not either created the nuisance, owned or controlled the property from which the nuisance arose, or employed another to do work which he knows is likely to create a nuisance." But, the governmental unit has the requisite control, and therefore may be subject to liability, if it has a statutorily imposed obligation to abate the nuisance but fails to do so. See *Hadfield, supra,* pp 177-185. Moreover, the governmental unit cannot escape liability for a nuisance created by a third person on property which it does not own if, by statute, it is charged with the responsibility of performing the activity which gave rise to the nuisance. In such case, the governmental unit again has the requisite control over the nuisance. *Id.*

In the case at bar, defendant merely issued the building or occupancy permits which allowed the residents of the Fenton-Midland Subdivision to live on the property. The nuisance itself was created by those residents and did not arise on property which defendant owned or controlled. The septic systems were installed on property owned solely by the subdivision residents, not on public property. Furthermore, contrary to what plaintiffs argue, we do not believe defendant was required by statute to install a sanitary sewer system under the instant circumstances. MCL 41.411; MSA 5.2411 vests townships with the authority to make public improvements, including the installation of sanitary sewers, upon approval by a certain percentage of the affected residents. MCL 41.412; MSA 5.2412. Here, defendant submitted the mat-

ter for approval by the residents and it was defeated in a voter referendum. Although defendant could possibly have taken subsequent measures to construct the sewer system (see, e.g., MCL 123.742[2]; MSA 5.570[12][2]), we find nothing which mandated that it do so.

Where, as here, the governmental unit has no affirmative duty, by statute or otherwise (e.g., a permanent injunction), to construct a sanitary sewer, we do not believe it can be held liable for damage which might not have occurred had the sewer been constructed. To remove the shield of governmental immunity in such case would, we believe, "stretch the concept of liability for nuisance beyond all recognition." *Stemen, supra,* p 598. In effect, whenever some activity of a private individual threatened the public's health or safety, and the government failed to take immediate action to abate the nuisance, the governmental unit could be liable for damages. See *Disappearing Lakes, supra,* 121 Mich App 69-71, and the list of horribles described therein. If such a Pandora's box of governmental liability is to be opened, we believe it should be done by our Legislature or Supreme Court.

Support for our holding can be found in a case that has been described as "another one of Justice COOLEY's permanently surveyed landmarks," *Herro, supra,* p 268. In *Ashley, supra,* Chief Justice COOLEY, writing for a unanimous Court, stated in dicta:

> The like injuries [i.e., flood damage] might result from a failure to construct any sewer whatever; but clearly no action could be sustained for a mere neglect to exercise a discretionary authority. [35 Mich 298.]

In accordance with that statement of the law, we

hold that defendant cannot be held liable for failing to construct a sanitary sewer in the time period urged by plaintiffs where it had no affirmative obligation to do so.

Plaintiffs next argue on appeal that a couple of rulings made by Judge Sullivan in the prior proceeding should preclude, under the doctrines of res judicata or collateral estoppel, defendant from challenging several issues in the nuisance action. Specifically, plaintiffs claim that Judge Sullivan's findings of an imminent health hazard should establish the existence of a nuisance per se. Plaintiffs also claim that the court order directing the construction of the sanitary sewer should prove that defendant had an affirmative duty to do so. We reject both those claims. Having reviewed the nature of the injunctive and nuisance actions, and the issues litigated in each, we cannot say the precise questions were raised and decided in both actions or that the interests of justice would be served by applying res judicata or collateral estoppel. See *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971); *Dowhan v Dowhan,* 303 Mich 197; 6 NW2d 483 (1942).

Affirmed.

WEAVER, P.J., concurred in result only.