ATTORNEY GENERAL ex rel DIRECTOR OF DEPARTMENT OF
NATURAL RESOURCES v ACME DISPOSAL COMPANY

Docket Nos. 112549, 117297, 117364. Submitted November 15, 1990,
at Grand Rapids. Decided June 17, 1991, at 9:25 a.m.

The Attorney General, on behalf of the Director of the Depart-
ment of Natural Resources, brought an action in the Oceana
Circuit Court against Acme Disposal Company and others,
alleging claims of nuisance and violations of various public acts
and administrative rules promulgated under those acts by a
landfill operated by Acme that discharged leachate into the
ground water. The court, Terrence R. Thomas, J., following a
bench trial, granted a judgment of no cause of action in favor
of certain of the defendants but denied motions for costs and
attorney fees. The plaintiff and three of the defendants ap-
pealed, and their appeals were consolidated.

The Court of Appeals *held:*

1. The trial court properly granted a judgment in favor of
Acme's manager, who had no effective control of the operation
of the landfill and thus could not be held personally liable for
any public nuisance or violations of statutes or administrative
rules occasioned by the operation of the landfill.

2. The trial court properly granted a judgment in favor of the
owners of the property. Their liability turned on whether they
sanctioned Acme's conduct. The evidence adduced at trial
indicated that they had not.

3. The trial court erred in granting a judgment in favor of
Acme's president. As an officer of Acme, he may be held liable
for a nuisance created or maintained by Acme if he knew, or
with the exercise of ordinary diligence should have known, of
the existence or continuance of the nuisance. Likewise, if by
virtue of his position or ownership interest, he was vested with
the power to control corporate activities, he may be held
responsible for a nuisance created or maintained by Acme. His
denial of active participation in the activities in question is not

REFERENCES

Am Jur 2d, Nuisances § 134.
See the Index to Annotations under Nuisances; Personal Liability.

determinative of the issue of his personal liability, and remand is required for a resolution of the issue.

4. The trial court, in denying the property owners' motion for costs and attorney fees pursuant to MCR 2.114, did not clearly err in determining that the plaintiff's action was not frivolous.

Affirmed in part, reversed in part, and remanded.

CORPORATIONS — NUISANCE — CORPORATE OFFICERS — LIABILITY.

A director or officer of a corporation may be held liable for a nuisance created or maintained by the corporation if that person knew, or with the exercise of ordinary diligence should have known, of the existence or continuation of the nuisance; likewise, where a person, by virtue of position or ownership interest, is vested with the power to control corporate activities, that person may be held responsible for a nuisance created or maintained by the corporation.

*Frank J. Kelley*, Attorney General, *Gay Secor Hardy*, Solicitor General, and *Thomas J. Emery* and *Gary L. Hicks*, Assistant Attorneys General, for the Attorney General.

*Prince, Barecki, Nicholas & Burrows* (by *Thaddeus C. Barecki*), for William Hegg and Janet Hegg.

*Wadel & Associates, P.C.* (by *Peter J. Wadel*), for H. Roy Valkema.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and SHEPHERD, JJ.

SHEPHERD, J. In these consolidated appeals, plaintiff appeals as of right a judgment of no cause of action in favor of defendants H. Roy Valkema, Charles Leonard, and William and Janet Hegg. Defendants Valkema and Hegg appeal as of right the trial court's denial of their respective motions for costs and attorney fees. We affirm in part and reverse in part.

Defendants and others were alleged by plaintiff to have violated the Solid Waste Management Act,

MCL 299.401 *et seq.*; MSA 13.29(1) *et seq.,* the Water Resources Commission act, MCL 323.1 *et seq.*; MSA 3.521 *et seq.,* the Environmental Protection Act, MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.,* and administrative rules promulgated under those acts, by virtue of their involvement in the operation of a landfill located in Oceana County. Plaintiff also alleged, inter alia, public nuisance against the various defendants. The landfill, located on property owned by the Heggs and leased to Circle Leasing Company in 1977, was operated by Acme Disposal Company from 1978 to April 1985, when the landfill was closed by court order. Acme had an operating license only for the year 1978.

This Court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. MCR 2.613(C). In making this determination, regard should be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. *Trail Clinic, P C v Bloch,* 114 Mich App 700, 710; 319 NW2d 638 (1982).

The crux of plaintiff's claim against Charles Leonard is that because he was the manager of the landfill during the time it allegedly discharged leachate into the ground water and operated without a license, he is liable for the damages caused thereby as well as for cleanup costs. We disagree and hold that the trial court properly found no cause of action against Leonard.

First, with respect to the claim that Leonard is liable under a public nuisance theory, we agree with plaintiff that employees of a corporation can,

under certain circumstances, be held liable. However, liability for damage caused by a nuisance turns upon whether the defendant was in control. *McSwain v Redford Twp,* 173 Mich App 492, 498; 434 NW2d 171 (1988). The evidence at trial showed that Mr. Leonard, while holding the title of manager, had no authority or control over the operation of the landfill. He was subject to the direction of Dennis Forst, his employer, reporting to him at least daily. Leonard had no authority to hire or fire employees, had no access to Acme funds or accounts other than to make deposits, had no access to the corporate books, and made no decisions regarding management of the landfill. While violations of the various acts may have occurred during the time Mr. Leonard was manager, he simply had no control over those activities.

The element of control, we believe, is equally crucial to a finding of liability for violation of the acts. The Legislature, in enacting the various anti-pollution provisions, intended not to target mere employees who, despite knowledge of their employers' violations, can do nothing about them, but rather those who, within the corporate structure, have the power and authority to correct the conditions that are deemed deleterious to the environment or people of this state. Despite the label placed on his position, the evidence at trial indicated that Mr. Leonard was not such a person. The judgment in his favor must be affirmed.

We likewise affirm the judgment entered in favor of the Heggs. Plaintiff asserted a claim of public nuisance against the Heggs, alleging that they "sanctioned the creation and maintenance of a public nuisance" at the landfill by failing to terminate their lease with Circle Leasing and evict Acme Disposal. Liability on the part of the Heggs for the alleged damage-causing conduct of their

lessee turns upon whether the Heggs sanctioned Acme's conduct. *Moore v City of Pontiac,* 143 Mich App 610, 614-615; 372 NW2d 627 (1985). The evidence adduced at trial did not support such a finding. Rather, the evidence showed that while Mr. Hegg may have suspected there might be problems at the landfill, neither he nor Mrs. Hegg had knowledge of the alleged violations or even that the landfill was operating without a license. The evidence indicates that such information about the operation of the landfill was kept from the Heggs by Forst. We further find it significant that even the Department of Natural Resources refused to give the Heggs information regarding its investigation of the landfill. The trial court's finding that the Heggs did not sanction any unlawful activity on the land is amply supported by the evidence.

However, we cannot reach the same conclusion with regard to the trial court's dismissal of the nuisance claim against H. Roy Valkema. Valkema, who had a trash-hauling business and was familiar with solid waste collection and disposal, owned fifty-one percent of Acme stock. While he claimed to have no knowledge of Acme's unlawful activities at the landfill, he possessed control over the company's finances and purchasing, and acted as president, from 1982 to 1983, during the time Acme is alleged to have pumped leachate into the ground water.

A director or officer of a corporation may be held liable for a nuisance created or maintained by that corporation if he had knowledge of the existence or continuance of the nuisance, or if he should have known of it by exercising ordinary diligence. 19 CJS, Corporations, § 845, p 273. Likewise, where a party, by virtue of his position or ownership interest, is vested with the power to

control corporate activities, he may also be held responsible for a nuisance created or maintained by the corporation. *McSwain, supra.* See also *People v Detroit White Lead Works,* 82 Mich 471, 479; 46 NW 735 (1890). Thus, Valkema's denial of active participation in the activities in question here is not determinative. There was ample evidence that he was in a position of authority within the corporation and that he should have known, through the exercise of ordinary diligence, of Acme's activities at the landfill, particularly while he was acting as president. The trial court erroneously focused only on the issue whether Valkema actively participated or sanctioned Acme's illegal activities and further found that Valkema had a right to rely on what may have been misinformation supplied to him by Forst. The court did not, however, consider whether Valkema should have known of the conditions that the court found constituted a nuisance or whether he was in a position to abate the nuisance. Consequently, we find that the judgment in Valkema's favor must be vacated and the matter remanded with regard to the issue of his personal liability. On remand, the trial court may rely on evidence produced at trial in resolving this issue and, in the exercise of its sound discretion, may take additional evidence relevant to this issue, as well as the issue of damages, if necessary.

The sole remaining issue is the question raised by the Heggs concerning the trial court's denial of their motion for costs and attorney fees. They claim the trial court erred in failing to award them costs and attorney fees, presumably pursuant to MCR 2.114, because, according to the Heggs, plaintiff's theory of liability against them was devoid of arguable legal merit and completely lacking in factual support. Essentially the Heggs

claim plaintiff's action against them was frivolous. The trial court disagreed. Such a finding will not be reversed unless it is clearly erroneous. *Contel Systems Corp v Gores,* 183 Mich App 706, 711; 455 NW2d 398 (1990). While the evidence against the Heggs was admittedly weak, we cannot say that the trial court's determination is clearly erroneous.

In sum, the judgments in favor of Mr. Leonard and Mr. and Mrs. Hegg are affirmed. The judgment in favor of Mr. Valkema is reversed, and the matter is remanded for a determination, consistent with this opinion, of the issue of his personal liability under a nuisance theory. The order denying the Heggs' motion for costs and attorney fees is affirmed.

Affirmed in part, reversed in part, and remanded.