BAKER v WASTE MANAGEMENT OF MICHIGAN, INC

Docket Nos. 156441, 163677. Submitted November 10, 1994, at Detroit. Decided February 7, 1995, at 9:00 A.M.

Marvin Baker and others brought an action in the Wayne Circuit Court against Waste Management of Michigan, Inc., and several other trash haulers, Compost Systems, Inc., the Western Townships Utilities Authority, and Canton Township and several other municipalities, alleging nuisance relating to a composting facility operated by Compost Systems with equipment leased from the authority and that accepted yard waste transported by defendant trash haulers from defendant municipalities. The court, John H. Gillis, Jr., J., granted summary disposition for the trash haulers, the municipalities, and the authority. The plaintiffs filed two appeals from the orders of summary disposition. The appeals were consolidated.

The Court of Appeals *held:*

1. The Western Townships Utilities Authority is a governmental agency created pursuant to statute and is immune from tort liability where, as here, it is engaged in the discharge of a governmental function.

2. The *trespass-nuisance exception to governmental immunity* does not bar defendants municipalities and authority from raising governmental immunity as a defense in the absence of a showing by the plaintiffs that these defendants had control over the alleged nuisance or were under a statutory duty to abate the nuisance.

3. The trial court did not err in ruling that the municipal defendants were engaged in a governmental function in operating a solid-waste management system, as authorized by statute, and in complying with a statutory requirement to seek alternatives to the disposal of yard waste in landfills or the incineration of such waste. Additionally, the plaintiffs failed to allege

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 97, 159, 168.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

Comment Note.—Municipal immunity from liability for torts. 60 ALR2d 1198.

facts in support of their claim that these defendants were engaged in a proprietary function.

4. Summary disposition was properly granted for defendant trash haulers in the absence of a showing by the plaintiffs that these defendants controlled the alleged nuisance.

Affirmed.

1. GOVERNMENTAL IMMUNITY — TRESPASS-NUISANCE.

A direct trespass upon, or the interference with the use or enjoyment of, land that results from a physical intrusion caused by, or under the control of, a governmental entity gives rise to a trespass-nuisance claim that is not barred by governmental immunity from tort liability.

2. NUISANCE — CONTROL.

A defendant who creates a nuisance, owns or controls the property from which a nuisance arose, or employs another to do work that the defendant knows is likely to create a nuisance may be found to have control over the nuisance; a governmental defendant that is under a statutory duty to abate a nuisance also may be found to have control over the nuisance.

3. GOVERNMENTAL IMMUNITY — PROPRIETARY FUNCTION.

A plaintiff, in claiming the proprietary function exception to governmental immunity, must allege that the primary purpose of the governmental activity was to produce a pecuniary profit and that the activity was not normally supported by taxes or fees.

*Donnelly W. Hadden,* for Marvin Baker et al.

*Cooper, Fink & Zausmer, P.C.* (by *David H. Fink* and *Michael L. Caldwell*), for Waste Management of Michigan, Inc., City of Farmington, and City of Farmington Hills.

*Pear Sperling Eggan & Muskovitz, P.C.* (by *Andrew M. Eggan*), for Materials Clearance, Inc.

*Hemming, Polaczyk & Cronin, P.C.* (by *Timothy L. Cronin*), for Plymouth Township and Canton Township.

*Foster, Swift, Collins & Smith, P.C.* (by *William*

*K. Fahey* and *Paul J. Millenbach*), for Western Townships Utilities Authority.

*Eric J. Colthurst,* for Canton Waste Recycling.

*Vandeveer Garzia* (by *Pamela L. Abbott*), for Northville Township.

Before: WAHLS, P.J., and CAVANAGH and N. J. LAMBROS,* JJ.

PER CURIAM. In these consolidated appeals, plaintiffs appeal as of right from orders granting summary disposition in favor of defendants. We affirm.

Defendants, the charter townships of Canton, Plymouth, and Northville, and the cities of Farmington and Farmington Hills, contracted with defendants, the waste-hauling companies Canton Waste Recycling Co., Industrial Materials Clearance, Inc., and Waste Management of Michigan, Inc., to haul yard waste to a composting facility in Canton. The facility was operated by defendant Compost Systems, Inc., on land leased from Canton Township, and utilized composting equipment leased from defendant Western Townships Utilities Authority (WTUA). Plaintiffs are a citizens group and various individuals who live or work in the vicinity of the composting facility.

Unpleasant odors emanated from the composting facility. For that reason, plaintiffs filed suit against defendants, alleging nuisance and a violation of the Michigan Environmental Protection Act (MEPA), MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.*

The court granted summary disposition in favor of defendant municipalities on the basis of govern-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

mental immunity, and in favor of defendant waste haulers on the ground that they did not have ownership or control over the facility. Plaintiffs now appeal. Defendant Compost Systems, Inc., is not a party to this appeal, and the MEPA claim is no longer at issue.

I

A

We first consider whether the WTUA is an entity that is entitled to governmental immunity from tort liability. This presents a question of law that we review de novo. *Rapistan Corp v Michaels,* 203 Mich App 301, 306; 511 NW2d 918 (1994).

Pursuant to MCL 691.1407(1); MSA 3.996(107)(1), a governmental agency that is engaged in the discharge of a governmental function is immune from tort liability. For purposes of that provision, a governmental agency is "the state, political subdivisions, and municipal corporations." MCL 691.1401(d); MSA 3.996(101)(d). A municipal corporation is "any city, village, township or charter township, or any combination thereof, when acting jointly." MCL 691.1401(a); MSA 3.996(101)(a). A political subdivision is "any municipal corporation, . . . township, charter township, . . . or any combination thereof, when acting jointly, and any district or authority authorized by law or formed by 1 or more political subdivisions." MCL 691.1401(b); MSA 3.996(101)(b).

The charter townships of Plymouth, Canton, and Northville formed the WTUA pursuant to MCL 124.281 *et seq.*; MSA 5.2769(51) *et seq.*, which provides for the establishment of sewage-disposal, water-supply, and solid-waste management system authorities.

Applying the above definitions, the WTUA is a political subdivision, and possibly also a municipal corporation, that is entitled to governmental immunity. The lower court's ruling in this respect was not erroneous.

B

Next, we consider whether the trespass-nuisance exception to governmental immunity bars the municipalities and the WTUA from raising the defense of governmental immunity.

Our Supreme Court recognized the trespass-nuisance exception to governmental immunity in *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988). Trespass-nuisance is defined as "a direct trespass upon, or the interference with the use or enjoyment of, land that results from a physical intrusion caused by, or under the control of, a governmental entity." *Id.* at 145; see *Continental Paper & Supply Co, Inc v Detroit,* 205 Mich App 404, 407-408; 521 NW2d 844 (1994).

The dispute in this case concerns the element of control. Control may be found where the defendant creates the nuisance, owns or controls the property from which the nuisance arose, or employs another to do work that he knows is likely to create a nuisance. *Continental Paper, supra; Stemen v Coffman,* 92 Mich App 595, 598; 285 NW2d 305 (1979). It may also be found where the governmental defendant is under a statutory duty to abate the nuisance. *McSwain v Redford Twp,* 173 Mich App 492, 498-499; 434 NW2d 171 (1988).

Plaintiffs have not alleged facts that would show that defendants created or were under a statutory obligation to abate the nuisance, controlled the

property where the nuisance arose,[1] or employed another to do work that they knew was likely to create a nuisance. Plaintiffs' claim, that defendants could have withheld the delivery of yard waste to the site, is simply insufficient to establish control over the nuisance, particularly in light of their acknowledgment that others could have continued to send yard waste to the facility. In other words, because defendants' withholding of waste would not necessarily have eliminated the nuisance, defendants may not be considered to have had control over the nuisance.

Accordingly, the trial court properly found inapplicable the trespass-nuisance exception to governmental immunity.

C

Plaintiffs next argue that the municipal defendants are not entitled to immunity because they were engaged in a proprietary, and not a governmental, function.

This argument is unpersuasive. A governmental function is an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law. MCL 691.1401(f); MSA 3.996(101)(f); *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 591; 363 NW2d 641 (1984); *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 97; 494 NW2d 791 (1992). This definition should be broadly applied; there need only be some constitutional, statutory, or other legal basis for the activity in which the governmental agency is engaged. *Adam, supra.*

Defendants were expressly authorized to operate

---

[1] Plaintiffs have abandoned the question whether defendant Canton Township controlled the property through ownership by failing to address the issue.

a solid-waste management system, MCL 124.282(1); MSA 5.2769(52)(1), and were impliedly required to seek an alternative to the disposal of yard waste in landfills or by incineration, MCL 299.418a; MSA 13.29(18a). We conclude that in so doing, they were engaged in a governmental function.

Furthermore, plaintiffs failed to allege facts that would justify the application of the proprietary function exception to governmental immunity, *Wade v Dep't of Corrections,* 439 Mich 158, 163; 483 NW2d 26 (1992), because they did not allege both that the primary purpose of the governmental activity was to produce a pecuniary profit and that the activity was not normally supported by taxes or fees. *Ross, supra; Adam, supra.* That the composting facility may have been engaged in operating a business for profit does not establish that the municipal defendants were doing the same.

Consequently, the trial court properly ruled that the municipal defendants were engaged in a governmental function.

D

For the above reasons, summary disposition in favor of defendant municipalities was proper under MCR 2.116(C)(7) (claim barred by governmental immunity).

II

Finally, plaintiffs assert that summary disposition was improper because a question of fact existed with respect to whether defendants knew or should have known of the nuisance condition to which they were contributing.

Because summary disposition was properly

granted in favor of the municipal defendants on the basis of governmental immunity, we need address this issue only with respect to defendant waste haulers.

Regardless of whether a factual question existed concerning defendant waste haulers' knowledge of the nuisance, there was no factual question concerning their control over the nuisance: they did not own or control the property from which the nuisance arose, did not create the nuisance, and did not employ another to do work that they knew or should have known was likely to create a nuisance. *Stemen, supra;* see *Gelman Sciences, Inc v Dow Chemical Co,* 202 Mich App 250, 252; 508 NW2d 142 (1993); *Bleeda v Hickman-Williams & Co,* 44 Mich App 29, 35; 205 NW2d 85 (1972).

Thus, summary disposition was properly granted in favor of defendant waste haulers under MCR 2.116(C)(10) (no genuine issue of material fact).

Affirmed.