BRONSON v OSCODA TOWNSHIP

Docket No. 92925. Submitted November 3, 1987, at Lansing. Decided
    January 4, 1988. Leave to appeal applied for.

Karl E. Bronson sustained injuries which rendered him a quadri-
    plegic when he dove into Lake Huron and hit a sand bar near a
    pier erected and maintained by Oscoda Township. Bronson
    brought an action for negligence and intentional nuisance in
    Iosco Circuit Court against Oscoda Township, alleging that the
    pier causes a constant shifting of the lake bottom near the pier.
    The trial court, J. Richard Ernst, J., granted summary disposi-
    tion in favor of defendant, finding that plaintiff had failed to
    plead facts in avoidance of governmental immunity and had
    otherwise demonstrated no possible factual support for his
    claims. Plaintiff appealed.

    The Court of Appeals held:

    1. Neither the public building exception nor the highway
    exception to governmental immunity applies to defendant's
    pier and plaintiff's negligence claims. The trial court properly
    granted summary disposition in favor of defendant on these
    claims.

    2. Plaintiff has sufficiently pled an intentional nuisance claim
    by alleging that, with the pier and its role in forming sand
    bars, defendant has intentionally created a condition which
    constitutes a nuisance. The trial court erred in granting sum-
    mary disposition on this claim.

    3. The trial court did not decide the issue whether the
    recreational use statute applies to plaintiff's claims and any
    ruling by the Court of Appeals on this issue would be prema-
    ture.

    Affirmed in part, reversed in part, and remanded.

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability, §§ 53 et
    seq.; §§ 301, 302.

Wharves §§ 40-42.

Effect of statute limiting landowner's liability for personal injury to
    recreational user. 47 ALR4th 262.

Rule of municipal immunity from liability for acts in performance
    of governmental functions as applicable to personal injury or
    death as result of a nuisance. 56 ALR2d 1415.

1. GOVERNMENTAL IMMUNITY — NEGLIGENCE — PIERS.

    A pier erected and maintained by a governmental agency is not a highway within the meaning of the highway exception to governmental immunity, nor is it a public building within the meaning of the public building exception to governmental immunity with respect to a claim of negligence based on the pier's influence in the formation of sand bars brought by a swimmer who injures himself in a dive and on contact with a sand bar (MCL 691.1402; 691.1406; MSA 3.996[102], 3.996[106]).

2. NUISANCE — INTENTIONAL NUISANCE.

    An intentional nuisance exists when there is a condition which constitutes a nuisance and the defendant intended to bring about that condition.

3. NUISANCE — INTENTIONAL NUISANCE — FAILURE TO ACT.

    An omission to act can constitute an intentionally created nuisance.

*Seward, Tally & Piggott, P.C.* (by *John W. Piggott* and *Kenneth K. Wright*), for plaintiff.

*Michael N. Freel, P.C.* (by *Michael N. Freel*), for defendant.

Before: CYNAR, P.J., and SAWYER and J. A. GILLIS,* JJ.

PER CURIAM. Plaintiff appeals following a grant of summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) and (10). The trial court concluded that plaintiff had "failed to plead facts in avoidance of governmental immunity and had otherwise demonstrated no possible *factual* support for such claims." (Emphasis in original.)

Plaintiff went swimming in Lake Huron with a friend, Tom Slagle. At one point, they both made a shallow dive into the water. Plaintiff's head hit a sand bar and he was flipped over on his back. Slagle pulled plaintiff to the shore. As a result of

    * Recorder's Court judge, sitting on the Court of Appeals by assignment.

the diving incident, plaintiff has been rendered a quadriplegic.

Near the area of the diving accident is a pier which extends into the water some seventy-five to one hundred feet south of the swimming area. According to one of defendant's employees in the parks and cemeteries department, the sand bars on both the north and south sides of the pier shift each year. Furthermore, no warning signs were posted concerning the sand bars. The employee also indicated that he was aware of an earlier death caused by diving off the pier.

Depositions of experts from both sides have also been taken, with differing opinions. Plaintiff's expert opined that the pier had a significant influence on the shoreline and bottom of the lake, while defendant's expert was of the opinion that the pier has very little effect on the movement of the lake bottom.

I

Plaintiff first argues that the trial court erred in holding that defendant had no control or dominion over the lake bottom based on the Great Lakes Submerged Lands Act, MCL 322.701 *et seq.*, MSA 13.700(1) *et seq.* However, we conclude that it is unnecessary to determine whether the trial court erred in so holding. Rather, we believe that the question whether defendant controlled the lake bottom is not dispositive to the case at bar as defendant's liability is premised upon its control of the pier which allegedly caused the sand bar to form. That is, it matters not whether defendant controls the land upon which the sand bar formed, but it does matter that defendant controlled the structure which may have given rise to the sand bar.

## II

Next, plaintiff argues that the trial court erred in concluding that he had failed to plead facts in avoidance of immunity with respect to the negligence claim. Plaintiff argues that both the public building[1] and the highway[2] exceptions to governmental immunity apply. We disagree.

Turning first to plaintiff's argument that the highway exception applies, he cites no authority which supports the proposition that a pier is a highway. Nor are we aware of any such authority. Moreover, the statute itself refers to highways designed for vehicular traffic. In sum, we are not willing to call this pier a highway. Accordingly, the highway exception to governmental immunity does not apply to this case.

The second exception raised by plaintiff, the public building exception, is somewhat more troublesome. The pier was public and it is a structure, though it is not what one normally considers to be a building. While we are mindful that the public building exception has been given wide applicability, we cannot conclude that it should be applied here. Accepting, without deciding, that the pier is a public building, we cannot say that the building exception would extend to sand bars formed around the pier. Simply put, plaintiff has not persuaded us that the public building exception should include this environmental condition allegedly caused by a public building, namely sand bars forming around piers.

For the above reasons, we conclude that the trial court properly granted summary disposition in defendant's favor on plaintiff's negligence claims.

---

[1] MCL 691.1406; MSA 3.996(106).

[2] MCL 691.1402; MSA 3.996(102).

III

On the other hand, we do believe that plaintiff has a potentially meritorious claim sounding in intentional nuisance. At the very least, the trial court erred in granting summary disposition on the nuisance claim. Rather, the issue should have been submitted to the jury.

An intentional nuisance exists where there is a condition which constitutes a nuisance and the defendant intended to bring about that condition. *Garcia v City of Jackson,* 152 Mich App 254, 260; 393 NW2d 599 (1986). Moreover, an omission to act, as well as a commissive act, can constitute an intentionally created nuisance. *Id.* at 260-261.[3]

In the case at bar, plaintiff pled that defendant intentionally created the condition, a pier, which constitutes a nuisance due to its role in forming sand bars. Thus, we believe that plaintiff sufficiently pled intentional nuisance to allow the issue to go to the jury.[4]

[3] We note that there is a split of authority in this Court concerning both the elements of intentional nuisance and whether an omissive act can constitute an intentional nuisance. See *Garcia, supra.* We follow the *Garcia* Court's resolution of both these issues for the reasons stated in Judge R. B. BURNS' opinion in that case.

[4] We are aware that the Supreme Court has recently issued an opinion which states that there is no intentional tort exception to governmental immunity. See *Smith v Dep't of Public Health,* 428 Mich 540; 410 NW2d 749 (1987). At first blush, it would appear that the *Smith* decision also applies to intentional nuisance cases. However, if the analysis were that simple, then the Supreme Court would have long ago disposed of the intentional nuisance cases currently pending before it, particularly *Veeneman v Michigan,* 143 Mich App 694; 373 NW2d 193 (1985), lv gtd 424 Mich 876 (1986), on the authority of *Smith, supra.* Since *Veeneman* has not been summarily disposed of, we can only assume that the Supreme Court has something to say on the subject of the continuing viability of intentional nuisance as an exception to governmental immunity. Accordingly, until such time as the Supreme Court addresses the issue, we will follow those cases which recognize the intentional nuisance exception.

IV

Plaintiff also argues that the trial court correctly decided that the recreational use statute, MCL 300.201; MSA 13.1485, was inapplicable to the case at bar, but argues that the trial court reached that conclusion for the wrong reasons. Inasmuch as the trial court has not yet ruled that plaintiff's claims are barred under the RUS, it would be premature for us to consider the correctness of the trial court's ruling. This is particularly true since there is no indication that the trial court will reverse itself and apply the RUS to the intentional nuisance claim on remand. However, as a guide to counsel and the trial court on remand, we would direct their attention to the discussion of the RUS as it applies in intentional nuisance cases by this Court in *Garcia, supra.*

The decision of the trial court is affirmed with respect to plaintiff's negligence claims and is reversed with respect to plaintiff's nuisance claim. The case is remanded to the circuit court for further proceedings on the nuisance claim consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

Affirmed in part, reversed in part, and remanded.