BRONSON v OSCODA TOWNSHIP (ON SECOND REMAND)

Docket No. 130505. Submitted July 6, 1990, at Lansing. Decided May 6, 1991, at 9:05 A.M. Leave to appeal sought.

Karl E. Bronson brought an action in the Iosco Circuit Court against Oscoda Township, seeking damages for injuries sustained when he dove into Lake Huron and hit a sand bar near a pier erected by the defendant. The plaintiff alleged that the pier was responsible for the formation of the sand bar and, therefore, constitutes a nuisance. The court, J. Richard Ernst, J., granted summary disposition for the defendant, finding that the plaintiff had failed to plead facts in avoidance of governmental immunity. The Court of Appeals, CYNAR, P.J., and SAWYER and J. A. GILLIS, JJ., reversed·the grant of summary disposition with respect to the claim of intentional nuisance. 165 Mich App 431 (1988). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139 (1988). 430 Mich 883 (1988). On remand, the Court of Appeals, CYNAR, P.J., and SAWYER and MAHER, JJ., again reversed the grant of summary disposition. with regard to the issue of intentional nuisance. Unpublished opinion per curiam of the Court of Appeals, decided October 24, 1988 (Docket No. 109336). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *Li v Feldt (After Remand)*, 434 Mich 584 (1990). 435 Mich 852 (1990). The parties filed supplemental briefs raising the issue of the trespass-nuisance and public-nuisance exceptions to governmental immunity.

On second remand, the Court of Appeals *held:*

The plaintiff's claim is not viable under either the trespass-nuisance or the public-nuisance exception to governmental

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 159, 166, 315, 324.

See the Index to Annotations under Diving; Governmental Immunity or Privilege; Municipal Corporations; Nuisances; Swimming and Swimming Pools;.Wharves, Piers, and Docks.

immunity. Summary disposition on the ground of governmental immunity was proper.

1. The trespass-nuisance exception to governmental immunity is inapplicable because there was no intrusion onto private land and, therefore, no invasion of a private property interest.

2. The pier does not constitute a public nuisance because the creation of sand bars by the pier does not constitute an unreasonable, significant interference with the public's right to safely and comfortably use Lake Huron. The building of the pier itself was not inappropriate. The plaintiff's claim does not come within the public-nuisance exception to governmental immunity.

Affirmed.

1. GOVERNMENTAL IMMUNITY — TRESPASS-NUISANCE EXCEPTION.

The trespass-nuisance exception to governmental immunity does not apply where there is no invasion of a private property interest.

2. GOVERNMENTAL IMMUNITY — PUBLIC-NUISANCE EXCEPTION.

Circumstances that may sustain a holding that an interference with a public right is unreasonable and thus constitutes a public nuisance for purposes of the public-nuisance exception to governmental immunity include whether the conduct involves a significant interference with the public health, safety, peace, comfort, or convenience in travel.

*Seward, Tally & Piggott, P.C.* (by *John W. Piggott, Kenneth K. Wright,* and *Mark J. Brissette*) (*Edward M. Keller,* of Counsel), for the plaintiff.

*Michael N. Freel, P.C.* (by *Michael N. Freel*), for the defendant.

ON SECOND REMAND

Before: CYNAR, P.J., and SAWYER and MAHER, JJ.

SAWYER, J. This matter is again before us for decision on remand from the Supreme Court. This time, however, we affirm the trial court's grant of summary disposition.

Plaintiff was swimming in Lake Huron with a friend. At one point, both made a shallow dive. Plaintiff hit a sand bar and was flipped over on his back. As a result of the diving incident, plaintiff has been rendered a quadriplegic. Defendant maintains a pier near the area of the diving accident. Plaintiff's expert opines that the pier has a significant influence on the shoreline and bottom of the lake. Thus, plaintiff maintains that defendant's pier is responsible for the formation of the sand bar and, therefore, constitutes a nuisance.

In our original opinion, we upheld the trial court's grant of summary disposition on the ground of governmental immunity with respect to the public building[1] and the highway[2] exceptions to governmental immunity. *Bronson v Oscoda Twp,* 165 Mich App 431, 434; 419 NW2d 27 (1988). We did, however, reverse the trial court's grant of summary disposition on the ground that plaintiff had stated a potentially meritorious claim sounding in intentional nuisance. *Id.* at 435. The Supreme Court thereafter remanded the matter to this Court for reconsideration in light of *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988). *Bronson v Oscoda Twp,* 430 Mich 883; 423 NW2d 574 (1988). On remand, we again reversed the grant of summary disposition with regard to the issue of intentional nuisance. *Bronson v Oscoda Twp (On Remand),* unpublished opinion per curiam of the Court of Appeals, decided October 24, 1988 (Docket No. 109336). Thereafter, the Supreme Court again remanded the matter to us for reconsideration, this time in light of *Li v Feldt (After Remand),* 434 Mich 584; 456 NW2d 55 (1990). 435 Mich 852 (1990).

Plaintiff moved to file a supplemental brief rais-

---

[1] MCL 691.1406; MSA 3.996(106).

[2] MCL 691.1402; MSA 3.996(102).

ing the issue of trespass nuisance, which motion we granted. We also ordered the parties to address the issues of the existence of public-nuisance and nuisance-per-se exceptions to governmental immunity and, if such exceptions exist, their applicability to the case at bar. In plaintiff's brief filed pursuant to our order, plaintiff concedes that a nuisance per se is not present in this case. Further, we recently decided that public nuisance is an exception to governmental immunity. *Li v Feldt (On Second Remand),* 187 Mich App 475; 468 NW2d 268 (1991). Accordingly, we need only determine whether plaintiff has a viable claim under either the trespass-nuisance or the public-nuisance exception to governmental immunity.[3] For the reasons expressed below, we conclude that plaintiff's claim is not viable under either of those exceptions and, therefore, we now affirm the grant of summary disposition on the ground of governmental immunity.

The Supreme Court recognized the existence of the trespass-nuisance exception to governmental immunity in *Hadfield, supra.* The plurality opinion summarized the early trespass-nuisance cases as follows:

> Generalizing from these early cases, it appears that where *an invasion or intrusion onto a plaintiff's land* occurred, the defendants were often found liable, regardless of whether the municipality acted directly, through an order perhaps, or whether its agents acted intentionally or negligently to produce the invasion. [*Id.* at 161.]

The Court did recognize that the plaintiff does not

---

[3] We also directed the parties to brief the question whether the issue of nuisance exceptions other than intentional nuisance were properly before this Court. For the reasons expressed in *Li (On Second Remand), supra* at 478, we conclude that they are.

necessarily need to be the property owner, but reemphasized the need for an invasion onto private property:

> Although *Herro* [v *Chippewa Co Road Comm'rs,* 368 Mich 263; 118 NW2d 271 (1962)] emphasized the "taking" rationale and *the need for some invasion of a private property interest,* the plaintiff in *Herro* was merely a visitor on the land. Therefore, *Herro* makes clear that the plaintiff in an action claiming the trespass-nuisance exception need not be the owner of the land on which the invasion occurs. [*Id.* at 164.]

In the case at bar, there was no intrusion onto private land. Rather, any intrusion was onto the bottom lands of Lake Huron.[4] Accordingly, there was no invasion of a private property interest and, therefore, the trespass-nuisance exception to governmental immunity is inapplicable.

We now turn to the issue whether the case at bar comes within the public-nuisance exception to governmental immunity as recognized in *Li (On Second Remand), supra.*[5] Application of the public-nuisance exception to the instant case is more

[4] Generally, title to the bottom lands of the Great Lakes vests in the State of Michigan, held in trust for the public benefit, unless the land has been conveyed by the state or unless the United States government had patented the land to a private individual before Michigan's admission to statehood. See *People v Massey,* 137 Mich App 480, 485; 358 NW2d 615 (1984), and *People ex rel Director of Dep't of Natural Resources v Murray,* 54 Mich App 685, 687-688; 221 NW2d 604 (1974); see also Great Lakes Submerged Lands Act, MCL 322.701 *et seq.;* MSA 13.700(1) *et seq.* There is no indication in the case at bar that the bottom lands of Lake Huron in the area in question belong to anyone other than the State of Michigan.

[5] In his second supplemental brief on appeal, plaintiff discusses a public-nuisance exception in the context of it being a mirror image, or subset, of the trespass nuisance, stating "there appears strong precedent for including this type of 'public nuisance' within the trespass nuisance exception." There are certainly some similarities between the two exceptions because public nuisances encompass what might be loosely characterized as a trespass onto public lands. See *Hadfield, supra* at 176; *Pound v Garden City School Dist,* 372 Mich 499; 127

problematic than was the case with the trespass-nuisance exception. Prosser & Keeton, Torts (5th ed), § 90, p 643, describes a public nuisance as follows:

> No better definition of a public nuisance has been suggested than that of an act or omission "which obstructs or causes inconvenience or damage to the public in the exercise of rights common to all Her Majesty's subjects." The term comprehends a miscellaneous and diversified group of minor criminal offenses, based on some interference with the interests of the community, or the comfort or convenience of the general public.

Public nuisance includes interference with the public health, the public safety, the public morals, the public peace, the public comfort, and the public convenience in travel. *Id.* at 643-645; see also *Li (On Second Remand),* at 488-489.

Public nuisance is described in 4 Restatement Torts, 2d, § 821B, p 87, as follows:

> (1) A public nuisance is an unreasonable interference with a right common to the general public.
>
> (2) Circumstances that may sustain a holding that an interference with a public right is unreasonable include the following:
>
> (a) Whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience, or
>
> (b) whether the conduct is proscribed by a statute, ordinance or administrative regulation, or
>
> (c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect,

NW2d 390 (1964). However, as *Li (On Second Remand)* demonstrates, the public-nuisance exception is broader and is not a mirror image of the trespass-nuisance exception. Accordingly, plaintiff's view of the public-nuisance exception is restrictively narrow.

and, as the actor knows or has reason to know, has
a significant effect upon the public right.

Applying these principles to the case at bar, it
might be argued that the sand bars interfere with
the public's right to use Lake Huron and, there-
fore, the pier, if it creates the sand bars, consti-
tutes a public nuisance. However, we cannot say
that the creation of sand bars constitutes an un-
reasonable, significant interference with the pub-
lic's right to safely and comfortably use Lake
Huron. At most, the sand bars restrict the use of
one small portion of the lake, making that area
unsuitable for diving. This is hardly unreasonable
in light of the vast expanse of Lake Huron, much
of which is undoubtedly suitable for diving. In-
deed, for that matter, there is naturally going to
be areas of the lake unsuitable for diving, such as
the shallow areas near the shore.

Further, the sand bars do not render the entire
lake, or even a significant portion of it, unsafe for
recreational use. The only use which appears to be
affected with respect to safety is that of diving.
However, plaintiff could have, and should have,
inspected the area before diving. Had he done so,
he could have discovered the sand bar and moved
his diving activities to a different location. Cer-
tainly the entire lake is not going to be suitable
for all recreational uses. It is, therefore, not unrea-
sonable that some small portion of the lake be
rendered unsuitable for a particular use.

Finally, there is no reason to conclude that the
building of the pier itself was inappropriate. Al-
though we do not know the exact reasons behind
the building of the pier, it presumably was for the
purpose of enhancing the enjoyable and safe recre-
ational or commercial use of the lake. That is not
itself activity which constitutes a nuisance.

For these reasons, we cannot conclude that the pier, despite the fact that it may have caused or influenced the formation of sand bars, constitutes an unreasonable or significant interference with the public's right to use Lake Huron. Accordingly, it does not constitute a public nuisance. Therefore, plaintiff's claim does not come within the public-nuisance exception to governmental immunity. Thus, we are now persuaded that the trial court correctly granted summary disposition.

The trial court's grant of summary disposition is affirmed. Defendant may tax costs on second remand.

MAHER, J., concurred.

CYNAR, P.J., concurred in the result only.