DINGER v DEPARTMENT OF NATURAL RESOURCES (ON SECOND REMAND)

Docket No. 130506. Submitted July 6, 1990, at Lansing. Decided July 31, 1991; approved for publication October 22, 1991, at 9:15 A.M.

Wayne S. Dinger brought an action in the Court of Claims against the Department of Natural Resources, seeking damages for injuries sustained while diving from a bridge into Swan Creek Pond in the Allegan State Game Area. He alleged that the defendant was negligent in the construction or maintenance of the swimming area in Swan Creek Pond or, in the alternative, that the maintenance of the swimming area adjacent to the bridge constituted a nuisance. The court, George R. Corsiglia, J., found that the Swan Creek Pond swimming area was an intentional nuisance in fact, but that the plaintiff's wilful and wanton misconduct in continuing to dive after hitting the bottom on previous dives precluded any recovery with regard to the nuisance count. The court held that the defendant was not immune from suit with regard to the negligence count and that the defendant's negligence in maintaining the swimming area was a proximate cause of the plaintiff's injuries. The damage award was reduced by ninety-five percent because of the plaintiff's comparative negligence. The plaintiff appealed, and the defendant cross appealed. The Court of Appeals, Maher, P.J., and Bronson and G.R. McDonald, JJ., affirmed in part, reversed in part, and remanded, holding that an intentional nuisance exception to the defense of governmental immunity exists and that the plaintiff was not precluded from asserting that exception because of his own wilful and wanton misconduct. 147 Mich App 164 (1985). On remand, the trial court found the plaintiff to have been ninety-five percent at fault and determined the amount of damages. After remand, the Court of Appeals, Maher, P.J., and McDonald, J. (Shepherd, J., concurring), affirmed, unpublished opinion per curiam

References

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 163, 308, 316, 317, 325; Nuisances § 16.

See the Index to Annotations under Bridges; Governmental Immunity or Privilege; Municipal Corporations; Nuisances; Swimming and Swimming Pools.

of the Court of Appeals, decided April 20, 1988 (Docket No. 70877). The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for reconsideration in light of *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139 (1988). 431 Mich 882 (1988). On remand, the Court of Appeals, MAHER, P.J., and SHEPHERD and McDONALD, JJ., affirmed its prior decisions and judgments, agreeing with its decision in *Li v Wong (On Remand)*, 170 Mich App 256 (1988), that the intentional nuisance exception had not been abrogated by *Hadfield*, unpublished opinion per curiam of the Court of Appeals, decided May 8, 1989 (Docket No. 112913). The Supreme Court, in lieu of granting leave to appeal, again remanded to the Court of Appeals for reconsideration in light of *Li v Feldt (After Remand)*, and *Garcia v City of Jackson (After Remand)*, 434 Mich 584 (1990). 435 Mich 852 (1990).

On second remand, the Court of Appeals *held:*

1. Any issues relating to the existence and applicability of a claim of nuisance per se are not properly before the Court of Appeals because the plaintiff's claim was specifically raised and argued in the trial court and was dismissed pursuant to a defense motion for a directed verdict and that ruling was not challenged in the trial court or the Court of Appeals. In any event, the bridge does not meet the definition of a nuisance per se.

2. Whether or not the Court of Appeals considers the issue of public nuisance, the outcome is the same because, even if a public nuisance exception had been specifically advanced in this case, such an exception would not have been applicable for the reason that an unreasonable or significant interference with a common public right is not involved.

3. Because the Supreme Court in *Li v Feldt (After Remand)* held that an intentional nuisance is not a recognized exception to governmental immunity and because the exceptions of nuisance per se and public nuisance either are not properly before the Court of Appeals or are not applicable in any event, the trial court's judgment for the plaintiff is vacated and the case is remanded for entry of a judgment for the defendant.

Reversed and remanded.

1. NUISANCE — NUISANCE PER SE.

A nuisance per se is an activity or condition that constitutes a nuisance without regard to the care with which it is conducted or the circumstances under which it exists.

2. GOVERNMENTAL IMMUNITY — PUBLIC NUISANCE EXCEPTION.

Circumstances that may sustain a holding that an interference

with a common public right is unreasonable and thus constitutes a public nuisance for purposes of the public nuisance exception to governmental immunity include whether the conduct involves a significant interference with the public health, safety, peace, comfort, or convenience in travel.

3. NUISANCE — INTENTIONAL NUISANCE — GOVERNMENTAL IMMUNITY.
   There is no intentional nuisance exception to governmental immunity.

*Vlachos & Hurley* (by *Paul T. Vlachos*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *A. Michael Leffler,* and *Eric J. Eggan,* Assistant Attorneys General, for the defendant.

### ON SECOND REMAND

Before: MAHER, P.J., and SHEPHERD and McDONALD, JJ.

PER CURIAM. This case comes before us on remand from the Supreme Court for the second time for reconsideration in light of *Li v Feldt (After Remand)* and *Garcia v City of Jackson (After Remand),* 434 Mich 584; 456 NW2d 55 (1990). 435 Mich 852 (1990). Originally, we held that there exists an intentional nuisance exception to the governmental immunity defense and that plaintiff was not precluded from asserting that exception because of his own wilful and wanton misconduct. *Dinger v Dep't of Natural Resources,* 147 Mich App 164; 383 NW2d 606 (1985). Our Supreme Court remanded and directed us to reconsider our opinion in light of *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988). 431 Mich 882 (1988). On remand, we affirmed our prior opinion and judgment, agreeing with this Court's

decision in *Li v Wong (On Remand),* 170 Mich App 256; 428 NW2d 36 (1988), that the intentional nuisance exception had not been abrogated by *Hadfield. Dinger v Dep't of Natural Resources (On Remand),* unpublished opinion per curiam of the Court of Appeals, decided May 8, 1989 (Docket No. 112913).

Concerning the proper scope of the nuisance exception under § 7 of the governmental tort liability act, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.,* our Supreme Court held in *Li v Feldt (After Remand), supra,* pp 594-595, that, pursuant to the historical analysis approach endorsed in *Hadfield,* an intentional nuisance was not an exception to governmental immunity because there existed no recognized intentional nuisance exception before 1965. The Court then remanded the matters considered therein to this Court "to consider the existence of nuisance per se and public nuisance exceptions to immunity, and their applicability to [the respective] cases if, and to the extent that, they were properly raised before the Court of Appeals." 434 Mich 596.

Recently, this Court issued its decision in *Li v Feldt (On Second Remand),* 187 Mich App 475; 468 NW2d 268 (1991), and, using the historical analysis approach endorsed in *Hadfield,* concluded that both nuisance per se and public nuisance constitute exceptions to governmental immunity. 187 Mich App 480. The Court further concluded that, although these exceptions had not been expressly raised, it would not be improper to consider them on appeal. *Id.,* p 478. In reaching this latter conclusion, this Court noted that although the plaintiff never actually affixed the label "intentional nuisance" to the nuisance counts in her complaint, it was both the substance of the pleadings and the

fact that plaintiff did plead a nuisance that was important. *Id.,* pp 479-480.

Unlike *Li v Feldt,* which involved a ruling on a motion for summary disposition, the present case proceeded to a full trial in which a nuisance per se claim was specifically raised and argued. However, the nuisance per se claim was dismissed during trial pursuant to a defense motion for a directed verdict. This ruling was not subsequently challenged, nor was the issue otherwise raised on appeal. Accordingly, we conclude that any issues relating to the existence and applicability of a nuisance per se claim are not properly before this Court. See *Kim v Ford Motor Co,* 170 Mich App 544, 550; 429 NW2d 203 (1988). See also *Peisner v Detroit Free Press, Inc,* 421 Mich 125, 129, n 5; 364 NW2d 600 (1984).

Nevertheless, this was not a nuisance per se. The bridge in question was open to the public and had no alleged defects. It was not designed to be part of the swimming area. It presented no inherent dangers. If this bridge were a nuisance per se, then every bridge is such a nuisance. This bridge does not meet the definition of nuisance per se found in *Li (On Second Remand),* 187 Mich App 482, i.e., "an activity or condition which constitutes a nuisance without regard to the care with which it is conducted or the circumstances under which it exists."

We now turn to the issue of public nuisance. On the basis of the fact that a public nuisance theory was not specifically advanced, either at trial or on appeal, we would ordinarily conclude that issues relating to the existence and applicability of such a claim are likewise not properly before this Court. We acknowledge, however, that under *Li (On Second Remand),* consideration of this exception would arguably not be improper. Ultimately,

however, we find that whether we consider the issue or not, the final outcome will be the same, because we find that a public nuisance exception would not be applicable in any event.

The plaintiff in this case sustained injuries rendering him a quadriplegic when he dove from a bridge, into the water, and struck bottom. *Dinger,* 147 Mich App 167. The trial court found, and we agreed, that defendant was guilty of maintaining an intentional nuisance by virtue of having created and maintained the nearby recreational and swimming facilities of Swan Creek without effectively curbing the use of the nearby bridge as a diving platform. *Dinger,* 147 Mich App 170-172.[1]

Recently, in *Bronson v Oscoda Twp (On Second Remand),* 188 Mich App 679; 470 NW2d 688 (1991), this Court addressed the applicability of a public nuisance exception in a case factually similar to this one. In *Bronson,* the plaintiff was also rendered a quadriplegic when he dove and struck a sand bar while swimming in Lake Huron. The plaintiff contended that a nearby pier was responsible for the formation of the sand bar. The *Bronson* Court looked to Prosser & Keeton, Torts (5th ed), § 90, p 643, for the following definition of a public nuisance:

> No better definition of a public nuisance has been suggested than that of an act or omission "which obstructs or causes inconvenience or damage to the public in the exercise of rights common to all Her Majesty's subjects." The term comprehends a miscellaneous and diversified group of minor criminal offenses, based on some interfer-

---

[1] On remand from this Court, the plaintiff was determined to be ninety-five percent at fault, and his total damages were reduced accordingly. *Dinger v Dep't of Natural Resources (After Remand),* unpublished opinion per curiam of the Court of Appeals, decided April 20, 1988 (Docket No. 70877).

ence with the interests of the community, or the comfort or convenience of the general public. [188 Mich App 684.]

The Court further noted that public nuisance is described in 4 Restatement Torts, 2d, § 821B, p 87, as follows:

(1) A public nuisance is an unreasonable interference with a right common to the general public.

(2) Circumstances that may sustain a holding that an interference with a public right is unreasonable include the following:

(a) Whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience, or,

(b) whether the conduct is proscribed by a statute, ordinance or administrative regulation, or

(c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right. [188 Mich App 684-685.]

Although the *Bronson* Court had held in its initial decision that the plaintiff had stated a potentially meritorious claim sounding in intentional nuisance, see *Bronson v Oscoda Twp,* 165 Mich App 431, 435; 419 NW2d 27 (1988), it agreed on second remand that a public nuisance claim was not applicable because, even if the pier did cause or influence the formation of sand bars, this did not constitute an unreasonable or significant interference with the public's right to use Lake Huron:

At most, the sand bars restrict the use of one small portion of the lake, making that area unsuitable for diving. This is hardly unreasonable in

light of the vast expanse of Lake Huron, much of which is undoubtedly suitable for diving. Indeed, for that matter, there is naturally going to be areas of the lake unsuitable for diving, such as the shallow areas near the shore.

Further, the sand bars do not render the entire lake, or even a significant portion of it, unsafe for recreational use. The only use which appears to be affected with respect to safety is that of diving. However, plaintiff could have, and should have, inspected the area before diving. Had he done so, he could have discovered the sand bar and moved his diving activities to a different location. Certainly the entire lake is not going to be suitable for all recreational uses. It is, therefore, not unreasonable that some small portion of the lake be rendered unsuitable for a particular use.

Finally, there is no reason to conclude that the building of the pier itself was inappropriate. [188 Mich App 685.]

Consistent with this Court's decision in *Bronson (On Second Remand),* we similarly conclude that plaintiff's claim does not constitute a public nuisance. Neither the bridge nor the proximity of the bridge to defendant's recreational area constitutes an unreasonable interference with, or significant effect upon, the public's right to use either Swan Creek Pond or the neighboring recreational area and its facilities. The recreational area has its own separate beach, boating, and swimming areas, and neither the use of these facilities nor the use of Swan Creek Pond is rendered unsafe because of the nearby bridge. We conclude, therefore, that even if a public nuisance exception had been specifically advanced in this case, such an exception would not be applicable for the reason that an unreasonable or significant interference with a common public right is not involved.

Accordingly, given that an intentional nuisance

is not a recognized exception to governmental immunity, and that the exceptions of nuisance per se and public nuisance are either not properly before this Court or not applicable in any event, we are required to vacate the trial court's judgment in favor of plaintiff and direct that a judgment of no liability be entered in favor of defendant on the basis that it is immune from tort liability. MCL 691.1407; MSA 3.996(107).

Reversed and remanded in accordance with this opinion.