ADAM v SYLVAN GLYNN GOLF COURSE

Docket No. 134018. Submitted June 24, 1992, at Lansing. Decided
    November 18, 1992, at 9:00 A.M.

Lyndann Adam brought an action in the Oakland Circuit Court
    against the Sylvan Glynn Golf Course, owned by the City of
    Troy, seeking damages for injuries sustained when she fell
    while cross-country skiing at the golf course. The court, Edward
    Sosnick, J., granted the defendant summary disposition on the
    basis of governmental immunity from tort liability. The plain-
    tiff appealed.

The Court of Appeals *held:*

1. The defendant was authorized to use the property for
    recreational purposes, including cross-country skiing. Such use
    was a governmental function entitled to immunity. Because
    any profit generated by so using the golf course was an inciden-
    tal profit, the proprietary function exception to governmental
    immunity does not apply.

2. Intentional nuisance is not an exception to governmental
    immunity. The trial court properly dismissed the allegations of
    intentional nuisance.

Affirmed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

A governmental function, for purposes of governmental immu-
    nity, is an activity that is expressly or impliedly mandated or
    authorized by the constitution, a statute, or other law; the
    definition of governmental function is to be broadly applied,
    requiring only that there be some constitutional, statutory, or
    other legal basis for the activity in which the governmental
    agency is engaged; tort liability may be imposed only if the
    agency was engaged in an ultra vires activity (MCL 691.1401[f],
    691.1407[1]; MSA 3.996[101][f], 3.996[107][1]).

2. GOVERNMENTAL IMMUNITY — PROPRIETARY FUNCTION.

Activities conducted by a governmental agency primarily for the

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
    §§ 87-110, 168-174.
State's immunity from tort liability as dependent on governmental
    or proprietary nature of function. 40 ALR2d 927.

purpose of producing a pecuniary profit and that are not normally supported by taxes or fees are proprietary functions to which governmental immunity does not apply; whether an activity actually generates a profit is not dispositive, but the existence of a profit is a relevant factor in determining the governmental agency's intent (MCL 691.1413; MSA 3.996[113]).

3. Governmental Immunity — Nuisance — Intentional Nuisance.

There is no intentional nuisance exception to governmental immunity.

*Hylton & Hylton, P.C.* (by *Kenneth N. Hylton, Jr.*), for the plaintiff.

*Dawn A. Schumacher,* for the defendant.

Before: Holbrook, P.J., and Weaver and McDonald, JJ.

Per Curiam. Plaintiff went cross-country skiing at the Sylvan Glynn Golf Course owned by the City of Troy. Plaintiff paid a $3 admission fee and a $4 ski-rental fee. Plaintiff claimed she fell and was permanently injured while skiing on an unmarked trail. Plaintiff brought suit, and defendant moved for summary disposition on the ground of governmental immunity, which the trial court granted. Plaintiff appeals as of right. We affirm.

I

Plaintiff first contends the court erred in finding defendant was protected by governmental immunity. Plaintiff asserts that the proprietary function exception to governmental immunity applies and that defendant used the golf course for cross-country skiing without authorization.

Tort immunity is broadly granted to governmental agencies by MCL 691.1407(1); MSA 3.996(107)(1), which provides in pertinent part:

Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function.

A governmental function is an activity that is expressly or impliedly mandated or authorized by constitution, statute, or other law. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 620; 363 NW2d 641 (1984), MCL 691.1401(f); MSA 3.996(101)(f). This definition of governmental function is to be broadly applied. It only requires that there be some constitutional, statutory, or other legal basis for the activity in which the agency was engaged. Tort liability may be imposed only if the agency was engaged in an ultra vires activity. *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 252-253; 393 NW2d 847 (1986); *Bauer v Garden City,* 163 Mich App 562, 568; 414 NW2d 891 (1987).

Plaintiff argues that the cross-country skiing was not a governmental function because there was no specific authorization that allowed for cross-country skiing. We disagree. Defendant was authorized to use the property for recreational purposes, which could include cross-country skiing.

Plaintiff also argues that defendant is not protected by governmental immunity because the proprietary function exception, MCL 691.1413; MSA 3.996(113), applies. To be a proprietary function, an activity must be conducted primarily for the purpose of producing a pecuniary profit and not normally be supported by taxes or fees. *Hyde, supra* at 257-258; *Charbeneau v Wayne Co General Hosp,* 158 Mich App 730, 732; 405 NW2d 151 (1987). Whether an activity actually generates a profit is not dispositive, but the existence of a

profit is relevant in determining the governmental agency's intent. *Hyde, supra* at 258-259; *Murphy v Muskegon Co,* 162 Mich App 609, 621-622; 413 NW2d 73 (1987). An agency may conduct an activity on a self-sustaining basis without being subject to the proprietary function exemption. *Hyde, supra; Taylor v Detroit,* 182 Mich App 583, 587; 452 NW2d 826 (1989).

In this case, plaintiff pleaded no facts that showed defendant operated the golf course as a cross-country skiing facility for the primary purpose of making a profit. Defendant provided evidence that the golf course was a nonprofit, public facility and that revenue collected was used to pay the purchase price and maintenance costs. *Id.* Defendant showed that this property was initially condemned in order to promote the public health, safety, and general welfare, and the primary purpose was not to produce a pecuniary profit. Any profit generated would be an incidental profit; therefore, these activities may still be considered governmental functions.

II

Plaintiff next argues the trial court erred in granting the defendant's motion for summary disposition, asserting that an issue regarding the defendant's intent was present.

Plaintiff did not raise or preserve this issue in her responses to defendant's motion for summary disposition in the trial court. Generally, an issue not raised before and considered by the trial court is not preserved for appellate review. *People v Stacy,* 193 Mich App 19; 484 NW2d 675 (1992). However, this Court may properly review an issue if the question is one of law and the facts neces-

sary for its resolution have been presented. *Spruytte v Owens,* 190 Mich App 127, 132; 475 NW2d 382 (1991). In this case, the evidence supported defendant's argument that its primary purpose was not to make a profit. Plaintiff did not plead facts to the contrary. Nor did plaintiff argue in the trial court that she needed more time for discovery in order to determine the intent of defendant. We decline to discuss this issue because plaintiff did not argue this below and the facts necessary for resolution of this issue were not presented.

### III

Finally, plaintiff complains the trial court erred in dismissing her complaint based on intentional nuisance. However, intentional nuisance is not an exception to governmental immunity. *Li v Feldt (After Remand),* 434 Mich 584, 595; 456 NW2d 55 (1990); *Dinger v Dep't of Natural Resources (On Second Remand),* 191 Mich App 630, 633; 479 NW2d 353 (1991).

We affirm.