# STATE OF MICHIGAN

# COURT OF APPEALS

EUGENE MCNABB and ORA MCNABB,

        Plaintiffs-Appellants,

v

DAN'S EXCAVATING, INC. and TOWNSHIP OF ORION,

        Defendants-Appellees.

UNPUBLISHED
October 14, 2014

No. 315941
Oakland Circuit Court
LC No. 2011-118153-CZ

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

In this action seeking mandamus and mandatory injunctive relief, plaintiffs appeal as of right the trial court's order summarily dismissing their claims under MCR 2.116(C)(10). We affirm.

This case arises out of the filling and restoration operations of a sand mining pit that was adjacent to plaintiffs' residential property, referred to as "the sandpit" or "the pit." Plaintiffs complain that while defendant Dan's Excavating, Inc. was in the process of filling and restoring the pit it 1) overfilled certain areas in excess of the permitted elevation; and 2) failed to engage in progressive restoration of the pit in violation of defendant Township of Orion's "Earth Balancing & Excavation Ordinance," referred to as Ordinance 99, and the permit issued thereunder. In their complaint, plaintiffs sought damages and mandatory injunctive relief against Dan's Excavating to remedy the alleged violations of the ordinance and mandamus relief against the Township to compel enforcement of Ordinance 99 and the permit. Both the Township and Dan's Excavating sought summary dismissal of plaintiffs' claims under MCR 2.116(C)(10), which the trial court granted. The trial court subsequently denied plaintiffs' motion for reconsideration. This appeal ensued.

We review the trial court's grant of summary disposition pursuant to MCR 2.116(C)(10) de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "The pleadings, affidavits, depositions, admissions, and other admissible documentary evidence submitted by the parties must be considered in the light most favorable to the nonmoving party." *Kennedy v Great Atlantic &*

-1-

*Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Maiden*, 461 Mich at 121. "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy*, 274 Mich App at 712. "A trial court's decision whether to issue a writ of mandamus is reviewed for an abuse of discretion." *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 438; 722 NW2d 243 (2006).

Plaintiffs first argue that the trial court erred in granting summary disposition of their claim for mandamus relief against the Township. We disagree. In summarily dismissing plaintiffs' claim for mandamus relief, the trial court concluded that such relief was not available in the present case as a matter of law because there was no factual dispute that the Township exercised its discretion and judgment in enforcing the ordinance and the permit issued to Dan's Excavating.

"Mandamus is the traditional remedy for compelling performance of legal duties by public officials." *Teasel v Dep't of Mental Health*, 419 Mich 390, 415 n 13; 355 NW2d 75 (1984). "Mandamus is an extraordinary remedy and will not lie to control the exercise or direction of the discretion to be exercised." *Id.* at 409-410. "[I]t will [further] not lie for the purpose of reviewing, revising, or controlling the exercise of discretion reposed in administrative bodies." *Id.* at 410. "However, the writ will lie to require a body or an officer charged with a duty to take action in the matter, notwithstanding the fact that the execution of that duty may involve some measure of discretion." *Id.* "Stated otherwise, mandamus will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner." *Id.* Thus, to warrant mandamus relief, the act requested by the party seeking the writ must be ministerial, involving no discretion or judgment. *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636 NW2d 272 (2001). "The issuance of a writ of mandamus is proper where (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial and involves no exercise of discretion or judgment, and (4) no other remedy exists, legal or equitable, that might achieve the same result." *Id*.

Plaintiffs' claim for mandamus relief concerns the filling and restoration operations in certain areas of the pit, which exceeded an elevation of 1,060 feet, allegedly in violation of Ordinance 99 and the requirements of the permit issued to Dan's Excavating thereunder. Plaintiffs requested the trial court order the Township to enforce the then current grade to an elevation of 1,060 feet and to restore the site by grading and seeding.[1]

---

[1] We note that, in addition to the alleged overfilling and lack of restoration supporting plaintiffs' claim for mandamus presented on appeal, plaintiffs also sought mandamus relief for alleged noncompliance with specific conditions that the Zoning Board of Appeals attached to the 2010/2011 permit issued to Dan's Excavating. On appeal, plaintiffs do not address or present any argument regarding these conditions attached to the permit, and thus, plaintiffs have

The pertinent facts in this case are undisputed. The parties agree that Ordinance 99 grants authority to the Township's Building Department to enforce the ordinance and permit issued there under. Further, it is uncontested that under the ordinance, township officials are granted a license to enter permitted property to inspect it and to bring the property into compliance with the provisions of the ordinance, if necessary. The only grading and restoration requirements in either the ordinance or the permit granted to Dan's Excavating were that the permit applicant submit, with its permit application, a topographical survey map completed by a professional engineer showing the "existing and proposed *final* grades" or "*final* grading plan" and that the site must be "restored progressively" in accordance with the approved site plan. Ordinance No. 99, § § 5(C), 9(A); (emphasis added). "Progressive restoration" required ongoing or continuing work within the site to restore it to the condition that it was permitted for, which included filling the pit to "some level," grading, and seeding. Ordinance 99 additionally required that the Building Department conduct inspections of the site and notify the operator of any portions of the site it deems ready for restoration. Ordinance No. 99, § 9(A)(3). Neither Ordinance 99 nor the permit issued thereunder imposed a specific grading requirement or a specific elevation limitation during the filling and restoration operation, or that the filling and restoration operation be completed by a certain date. Instead, Ordinance 99 and the permit only required the site to be restored progressively in accordance with the approved site plan. There was no mandatory timetable or progressive standard for this process.

According to the undisputed testimony of the Township Building Official the topography indicated on the site plan would have to be met when the site was finished, i.e., when the filling operation was complete, and Dan's Excavating would be required to prove its compliance with the site plan with a registered survey indicating that the topography was actually established and complied with its permit. Thus, there was no dispute that the Township had the authority to enforce the ordinance to ensure compliance with the planned *final* grade of the permit, and that the site was "restored progressively" in accordance with the approved site plan. Also undisputed was that the approved site plan/topographical survey map in support of Dan's Excavating's Ordinance 99 permit established a *final* grade elevation of 1,060 feet throughout the site, with the exception of a small area not at issue here. Further undisputed was that there were areas in the pit that slightly exceeded the permitted elevation of 1,060 feet, as plaintiffs alleged, in a man-made berm area and on the fence line on Lot 11, which was adjacent to plaintiffs' Lot 10. The parties lastly agreed that the filling and restoration of the pit was an ongoing operation and not yet complete.[2]

---

abandoned those claims. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

[2] According to the Township Building Official, the site had not yet gone through a final closing process, and he could not identify a time for completion of the site and closure of the permit. The agent of Dan's Excavating could not estimate how long it would take to fill the pit and could not identify any area of the pit that was currently ready for restoration, i.e., topsoil, mulching, and growing vegetation. Even plaintiffs admitted that the restoration of the pit to its final condition was not yet complete and the final slope or balancing requirements pertained to final closure, and thus, were not yet necessary. The Township Official further explained that in the man-made berm area they were trying to manage the water from flowing onto plaintiffs' Lot 10

Plaintiffs argue that the overfilling condition and lack of restoration constituted a clear violation of the permit warranting mandamus relief. In order to prevail in their assertion, plaintiffs must demonstrate that their requested act does not involve the exercise or compelling of discretion or judgment. *Teasel*, 419 Mich at 409-410; *Lickfeldt*, 247 Mich App at 302.

In the present case, the nature of the Township's decisions concerning a permittee's compliance with and enforcement of the filling and restoration requirements of Ordinance 99 and the permit issued thereunder clearly involved the exercise of discretion and judgment by the Township's Building Officials. The Township presented evidence in support of its motion that its Building Official did, in fact, investigate plaintiffs' complaints and exercise discretion and judgment in determining that the current elevation was not in violation of the ordinance or the permit because the filling and restoration operation was not yet complete, but was ongoing and in progress.[3] Also evident from the Building Official's testimony, as well as the ordinance itself, was that whether the site was in compliance with the filling and restoration requirements of Ordinance 99 involved consideration of specific matters. Those matters included assessing the then current state of the operation and topography of the permitted property for the management of water runoff and soil erosion and to determine whether the area was ready for final grading and/or restorative activity. The Township Building Official also would have been required to interpret whether the current requirements of the ordinance and the permit issued thereunder were being met in accordance with the approved site plan. These matters were not ministerial in nature but required professional judgment, specialized knowledge and experience, and discretion. *Teasel*, 419 Mich at 414; *Lickfeldt*, 247 Mich App at 302.[4] Given these facts, we find no error in the trial court's determination that mandamus relief was not appropriate as a matter of law.

Plaintiffs next contend that the trial court erred in summarily dismissing their claim for mandatory injunctive relief against defendant Dan's Excavating to compel it to comply with and abate the violations of Ordinance 99 and its permit issued thereunder. The trial court did not reach the merits of plaintiffs' claim for mandatory injunctive relief against Dan's Excavating in its final opinion or opinion on reconsideration. The trial court instead summarily dismissed plaintiffs' complaint based on its claim for damages against Dan's Excavating after it determined and the higher level of elevation actually prevents the water from heading directly towards plaintiffs' property. The agent of Dan's Excavating explained that at the end of the process, there would be a place for the surface water to drain into. Regarding the elevation along the fence line, the Township Official indicated that there was a slope on Lot 10 that was higher than the fence line that would cause run off to the fence line and the soil erosion would need to be addressed. Given these facts, there is no dispute that the pit is still in the process of being filled and restored and is not yet final or complete.

[3] We disagree with plaintiffs' assertion on appeal that the Township failed to conduct inspections of the site as required under Ordinance 99. Instead, it was undisputed that the Building Official investigated plaintiffs' complaints and inspected the site.

[4] A ministerial act is one "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Toan v McGinn*, 271 Mich 28, 34; 260 NW 108 (1935) (citations omitted).

that plaintiffs failed to establish the existence of a legal duty owed to them by Dan's Excavating to comply with the permit issued under Ordinance 99. In particular, the trial court found the issue abandoned for plaintiffs' failure to premise their argument on authority that would evidence a statutory, contractual or common law duty. Consequently, plaintiffs' claim for mandatory injunctive relief and Dan's Excavating's argument that plaintiffs lacked standing to pursue such a remedy were never addressed by the trial court. Accordingly, where the trial court has not addressed the issue, plaintiffs' claim on appeal that they are entitled to mandatory injunctive relief is not properly preserved for this Court's review. *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 98; 494 NW2d 791 (1992). Nevertheless, this Court may review an unpreserved issue if it is one of law and the facts necessary for resolution of the issue have been presented. *Id.*at 98-99. Whether equitable relief is proper under the facts is a question of law that this Court reviews de novo. *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008), citing *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005).

Upon review, we agree with plaintiffs' assertion on appeal that they have standing to seek mandatory injunctive relief to compel Dan's Excavating's compliance with Ordinance 99 and the permit issued thereunder. Our Supreme Court in *Lansing Schools Ed Ass'n v Mich Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010), set forth Michigan's standing doctrine as follows:

> [A] litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.

Ordinance 99, under which plaintiffs pursued their claim against Dan's Excavating, does not expressly provide for a private right of action for private citizens to sue permittees for damages to remedy or abate alleged violations of the ordinance or the permits issued thereunder, nor does Ordinance 99 expressly confer standing on private citizens to enforce its provisions. However, plaintiffs, as adjacent landowners to the permitted land, assert a special injury or right, or substantial interest that will be detrimentally affected in a manner different from the citizenry at large. *Lansing Schools*, 487 Mich at 372. Specifically, plaintiffs have a substantial and distinct interest in ensuring that the permitted property is restored to the proper grade and slope in accordance with the permit and ordinance to prevent soil erosion and water runoff that could detrimentally affect their property. In fact, plaintiff Eugene testified that the overfilling in the area of the man-made berm caused surface water run-off onto plaintiffs' property. Thus, we find that plaintiffs alleged a special injury that is distinct and different from the citizenry at large, and therefore plaintiffs have standing to assert their claim for mandatory injunctive relief against Dan's Excavating for the alleged violations of the ordinance and permit issued thereunder. *Id.*

However, the question whether plaintiffs "sufficiently pleaded a cause of action and are entitled to the requested remedies are independent of the standing inquiry." *Id.* at 377 n 25.

-5-

"Injunctive relief is an extraordinary remedy that courts normally grant only when (1) justice requires it, (2) there is no adequate remedy at law, and (3) there exists a real and imminent danger of irreparable injury." *Higgins Lake Prop Owners Ass'n v Gerrish Twp*, 255 Mich App 83, 106; 662 NW2d 387 (2003) (citations and quotations omitted).

In the present case, plaintiffs had available to them and they, in fact, pursued the adequate legal remedy of mandamus to compel the Township to enforce Ordinance 99 and its permit against Dan's Excavating. See *Teasel,* 419 Mich at 415 n 13 (citations omitted) ("A writ of mandamus is an extraordinary remedy at law; a mandatory injunction is traditionally a remedy in equity.") Thus, plaintiffs "were not without remedy except in a court of equity." *Burch v State Highway Comm'r*, 362 Mich 488, 495; 107 NW2d 791 (1961); *Higgins Lake*, 255 Mich App at 106. Furthermore, the authority to enforce Ordinance 99 is vested in the Township. The Township's investigation of plaintiffs' complaints concerning the pit resulted in a determination that there were no violations of the ordinance or the permit issued to Dan's Excavating thereunder. In the absence of such a finding, we fail to find that a duty arose under Ordinance 99 for Dan's Excavating to abate the alleged violations. Thus, justice does not require the imposition of a mandatory injunction compelling Dan's Excavating to comply with the ordinance. See *Lansing Schools Ed Ass'n v Lansing School Dist Bd of Ed (On Remand)*, 293 Mich App 506, 518-520; 810 NW2d 95 (2011). Finally, on the facts presented, there is no dispute regarding the absence of a "real and imminent danger of irreparable injury." *Higgins Lake*, 255 Mich App at 106. The only specific injury alleged is that the overfilling caused surface water run-off onto plaintiffs' property. However, the undisputed testimony indicates that this condition will be addressed as the filling and restoration operation continues. The condition is therefore not irreparable or of a "permanent or continuous" nature so as to warrant mandatory injunctive relief. *Id.*; *Schadewald v Brule*, 225 Mich App 26, 40; 570 NW2d 788 (1997) (citations omitted). Therefore, we find, as a matter of law, mandatory injunctive relief to be an inappropriate remedy.

Plaintiffs final claim on appeal is that the trial court impermissibly made findings of fact in deciding defendants' motion for summary disposition brought under MCR 2.116(C)(10) when it allegedly found that Dan's Excavating's filling and restoration operations did not violate Ordinance 99 or the permit issued thereunder. Plaintiffs correctly assert that, when deciding a motion for summary disposition under MCR 2.116(C)(10), the trial court must not make findings of fact or credibility determinations. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). However, contrary to plaintiffs' claim, the trial court did not weigh the competing evidence, assess the credibility of the witnesses, or make a finding that there were no violations of the ordinance or the permit. Instead, reviewing the trial court's decision in context, it is clearly evident that the court, in considering plaintiffs' claim for mandamus relief and concluding that there is no factual dispute that the Township exercised its discretion in enforcing the ordinance and the permit, properly considered the undisputed evidence that the Township Building Official investigated plaintiffs' complaints and determined that the ongoing filling and restoration operations of Dan's Excavating did not violate the ordinance or the requirements of the permit. See *Lickfeldt,* 247 Mich App at 302 (To establish a claim for mandamus relief, the act requested, here enforcement of the ordinance and permit, must be ministerial and involve no exercise of discretion or judgment). Contrary to plaintiffs' claim on appeal, the trial court did not make an impermissible finding of fact in deciding defendants' motion for summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering